UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
PAUL T. GUDANOWSKI, :
                Plaintiff, :
v. :
 :
TROOPER DARRYL M. BURRELL, : **OPINION AND ORDER**
TROOPER GREGORY MAXWELL, :
TROOPER FRANCISCO E. MADERA, : 20 CV 111 (VB)
TROOPER ANDREW T. BUKOVINSKY, and :
TROOPER WILLIAM R. PAYNE, each in his :
individual capacity, :
                Defendants. :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Paul T. Gudanowski brings this Section 1983 action against New York State Police Troopers Darryl M. Burrell, Gregory Maxwell, Francisco E. Madera, Andrew T. Bukovinsky, and William R. Payne, alleging they violated his constitutional rights when arresting him in January 2017.

      Now pending is defendants' motion for summary judgment. (Doc #102).

      For the reasons set forth below, the motion is GRANTED.

      The Court has subject matter jurisdiction under 28 U.S.C § 1331.

## BACKGROUND

      The Court presumes the parties' familiarity with the factual allegations and procedural history of this case, including the Court's Opinion and Order dated August 31, 2021. (Doc. #60 (the "MTD Decision")). Accordingly, the Court summarizes below only the relevant background, as reflected in the parties' memoranda of law, statements of undisputed material facts pursuant to Local Civil Rule 56.1, and supporting declarations and exhibits.

I.      Plaintiff's Arrest and the State Court Litigation

On January 2, 2017, plaintiff was approached by local law enforcement in New Jersey while he was driving a tow truck owned by Bergen Brookside Auto and Body, Inc., and Bergen Brookside Towing Corp. (collectively, "Bergen Brookside"). (Doc. #105-5 ("Pl. Tr."), at 6–12).[1] Plaintiff fled, leading police officers on pursuit into New York State. He was apprehended by New York and New Jersey law enforcement, who allegedly used excessive force against him during the arrest.

Thereafter, a New York State Trooper involved in a collision with plaintiff's vehicle during the January 2 incident (the "State Plaintiff") sued plaintiff and Bergen Brookside in a civil action in New York Supreme Court, Orange County (the "State Litigation").

On October 26, 2018, Bergen Brookside's attorney in the State Litigation, Alison Wasserman, Esq., copied plaintiff on a letter to the State Plaintiff's attorney. The letter enclosed records Wasserman's office subpoenaed from the New York State Police—including statements from the state troopers sued here, recounting their involvement in plaintiff's arrest. (Doc. #110 ("Pl. Rule 56.1 Statement") at 2). Wasserman attests she sent the letter and its enclosures to plaintiff. (Doc. #105 ("Wasserman Declaration") ¶¶ 6–7).[2]

---

[1]     Citations to "Pl. Tr. at _" refer to the page number at the top right-hand corner of each page of the transcript of plaintiff's deposition, held on October 23, 2019.

[2]     Although plaintiff denies the copy of the October 26, 2018, letter he received enclosed the troopers' post-arrest statements, he cites no evidence to support his assertion and mistakenly claims Ms. Wasserman "does not state [in her declaration] that the enclosures to her letter included the statements." (Pl. Rule 56.1 Statement at 2; see also Wasserman Declaration ¶ 7 ("Included in the records transmitted to counsel for [the State Plaintiff] and Mr. Gudanowski on October 26, 2018 were statements from the following New York State Troopers: Trooper Burrell, Trooper Maxwell, Trooper Madera, Trooper Bukovinsky, and Trooper Payne.")).

2

On December 18, 2018, plaintiff was served with copies of the troopers' post-arrest statements, which were attached as exhibits to a motion Wasserman filed on behalf of Bergen Brookside. (Id. at 3).

Plaintiff was deposed in the State Litigation on October 23, 2019, approximately two months before he commenced this Section 1983 action. During his deposition, plaintiff acknowledged he had received copies of the post-arrest statements and repeatedly referred to the content of those statements. (Pl. Tr. at 54, 56–58, 84–85, 92–93).

II.     Plaintiff's Section 1983 Complaints

On December 28, 2019, plaintiff, who was then proceeding pro se and incarcerated at Collins Correctional Facility, filed the initial complaint in this case. (Doc. #1 ("Original Complaint")). The Original Complaint did not identify any defendants by name, instead listing eight "John Doe, N.Y. State Police" defendants and two "John Doe, East Rutherford, N.J., Police Officer" defendants. (Original Complaint at ECF 1–3).[3]

On October 12, 2020, after retaining counsel, plaintiff filed the second amended complaint, naming seven defendants. (Doc. #22 ("SAC")). The newly-named defendants included five New York State Troopers whose post-arrest statements were provided to plaintiff during the State Litigation, and who are the only remaining defendants in this action.[4]

---

[3]     "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

[4]     On December 2, 2022, the Court so-ordered a stipulation between plaintiff and the New Jersey police officers to dismiss plaintiff's claims against them with prejudice. (Doc. #112).

DISCUSSION

I.    Standard of Review

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).[5]

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010). It is the moving party's burden to establish the absence of any genuine issue of material fact. Zalaski v. Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. at 322–23. If the non-moving party submits "merely colorable" evidence, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249–50. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or

---

[5] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

4

unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011).  The mere existence of a scintilla of evidence in support of the non-moving party's position is likewise insufficient; there must be evidence on which the jury could reasonably find for him. Dawson v. Cnty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party.  Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).  If there is any evidence from which a reasonable inference could be drawn in the non-movant's favor on the issue on which summary judgment is sought, summary judgment is improper.  See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 82–83 (2d Cir. 2004).  Bald assertions, completely unsupported by admissible evidence, are not sufficient to overcome summary judgment.  Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

II.     The Untimeliness of Plaintiff's Claims

Defendants argue plaintiff's claims are time-barred as a matter of law because plaintiff knew defendants' names and roles in his arrest before filing the Original Complaint and thus the SAC does not relate back to the date of the Original Complaint.

The Court agrees.

A.     Statute of Limitations

As explained in the MTD Decision, plaintiff's Section 1983 claims have a three-year statute of limitations.  (MTD Decision at 6); see also N.Y. C.P.L.R. § 214.  Thus, the statute of limitations for plaintiff's claims expired on January 2, 2020.

The SAC, plaintiff's first pleading to identify defendants by name, was filed on October 12, 2020.  Therefore, plaintiff's claims are time-barred unless the SAC "relates back" to the date

of the Original Complaint under Rule 15(c) of the Federal Rules of Civil Procedure. See Barrett v. City of Newburgh, 720 F. App'x 29, 32 (2d Cir. 2017) (summary order) ("John Doe substitutions in a Section 1983 action may only be accomplished when all of the specifications of Fed. R. Civ. P. 15(c) are met."). Here, plaintiff argues the SAC relates back to the date of the Original Complaint under Rules 15(c)(1)(A) and 15(c)(1)(C).

Plaintiff is incorrect.

B.      Rule 15(c)(1)(A)

Rule 15(c)(1)(A) provides: "An amendment to a pleading relates back to the date of the original pleading when . . . the law that provides the applicable statute of limitations allows relation back." Plaintiff cannot avail himself of Rule 15(c)(1)(A).

As explained in the MTD Decision, New York law—specifically, Section 1024 of New York Civil Practice Law and Rules ("Section 1024")—governs whether the SAC relates back for purposes of Rule 15(c)(1)(A). (MTD Decision at 7). That section provides:

> A party who is ignorant . . . of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name . . . becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024. "New York courts have interpreted this section to permit John Doe substitutions nunc pro tunc." Hogan v. Fischer, 738 F.3d 509, 518–19 (2d Cir. 2013). However, to take advantage of Section 1024, a "plaintiff must show that the persons named as unknown were actually unknown." Luckern v. Lyonsdale Energy Ltd. P'ship, 229 A.D. 2d 249, 253 (4th Dep't 1997).

Given this limitation, an amended pleading that replaces a "John Doe" defendant with someone the plaintiff could have sued by name at the time of the original pleading does not relate back to the original complaint. See Brook v. Peconic Bay Med. Ctr., 172 A.D.3d 468, 469

6

(1st Dep't 2019) ("The procedural device set forth at CPLR 1024 is . . . inapplicable because plaintiff was aware of both [the John Doe defendants'] identities long before he sought to amend the complaint to add them as defendants."); see also Boston v. Suffolk Cnty., 326 F. Supp. 3d 1, 13 (E.D.N.Y. 2018) (Section 1024 unavailable when plaintiff asserting Section 1983 claims against John Does "had the names of [the defendant officers] before the statute of limitations had run" through, among other sources, arrest and prosecution records).

Here, plaintiff received copies of defendants' post-arrest statements no later than December 18, 2018—more than a year before he commenced this action. Because plaintiff could therefore have sued defendants by name when he filed the Original Complaint, the substitution mechanism of Section 1024 is unavailable to him.

Accordingly, the SAC does not relate back under Rule 15(c)(1)(A).

C.     Rule 15(c)(1)(C)

Likewise, plaintiff cannot avail himself of Rule 15(c)(1)(C).[6]

Under Rule 15(c)(1)(C), "[a]n amendment to a pleading relates back to the date of the original pleading" when, among other criteria, "the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

Plaintiff acknowledges he knew the defendants' names before filing the Original Complaint, but argues Rule 15(c)(1)(C) nonetheless permits relation back because he

---

[6]     Indeed, plaintiff's counsel previously conceded this. (See Doc. #41 at 10 ("Here, Plaintiff cannot meet the third and fourth elements of [Rule 15(c)(1)(C)]. Namely, the Defendants could not have known 'but for a mistake of identity' the original action would have been brought against them in their actual names. 'Mistake of identity' has been interpreted as being a 'true' mistake on the part of a plaintiff, i.e., incorrect information, rather than insufficient information. . . .  Thus, Plaintiff cannot take advantage of the relation back doctrine set forth in Rule 15(c)(1)(C)."))

"mistakenly believed," based on incorrect advice from a prison law librarian, "that he could get into quite a bit of trouble for naming individuals as defendants without having evidence that they were the ones who assaulted him." (Doc. #106 ("Pl. Opp.") at 3–4). However, "the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake" of identity under Rule 15(c)(1)(C). Hogan v. Fischer, 738 F.3d 509, 517–18 (2d Cir. 2013).

Nor is this situation analogous to cases involving plaintiffs who were aware of the proper defendant's identity but mistakenly sued an affiliated company of the proper defendant or the proper defendant's employees. See, e.g., Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 548–49 (2010) (amended complaint related back when injured cruise-ship passenger was mistaken about which of two related entities operated cruise ship); Chin v. MTL LLC, 2020 WL 3971505, at *5 (N.D.N.Y. July 14, 2020) (amended complaint related back when plaintiff mistakenly brought employment discrimination claims against company's employees instead of the company itself). Plaintiff did not mistakenly sue the wrong party because he "misunderst[ood] the roles that party A and party B played in the conduct," Krupski v. Costa Crocerie, S.p.A., 560 U.S. at 549, or because he "did not understand which parties to sue in [his] federal case." Chin v. MTL LLC, 2020 WL 3971505, at *4. Instead, plaintiff chose not to name the officers involved in his arrest because he thought he had insufficient evidence.

That "there were some two dozen police officers involved in [plaintiff's] pursuit and arrest" and defendants' statements led plaintiff to believe other officers assaulted him (Pl. Opp. at 3) does not mean plaintiff may avail himself of Rule 15(c)(1)(C). As the Second Circuit has explained, "amendments to John Doe complaints to add real names" of previously unknown defendants "do not relate back under Rule 15(c)(1)(C) because such amendments were made not

8

to correct a mistake but to correct a lack of knowledge." Ceara v. Deacon, 916 F.3d 208, 211–12 (2d Cir. 2019); see also Barrett v. City of Newburgh, 720 F. App'x at 32 ("Since [plaintiff] contends that she was unaware of [the defendant officers'] names until she filed her second amended complaint, she cannot argue that failing to identify them was a 'mistake' within the meaning of Rule 15(c)(1)(C)."). Therefore, plaintiff's contention that the SAC corrected a deficit in his knowledge of who assaulted him does not satisfy the requirements of Rule 15(c)(1)(C).

Accordingly, the SAC does not relate back under Rule 15(c)(1)(C).[7]

Because the SAC does not relate back to the date of the Original Complaint, the SAC is untimely and plaintiff's claims against defendants are time-barred.

## CONCLUSION

The motion for summary judgment is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #102) and close this case.

Dated: April 24, 2023
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[7] Plaintiff also urges the Court to deny the pending motion because the Court already ruled in plaintiff's favor on this issue in the MTD Decision. (Pl. Opp. at 10–11). Plaintiff is mistaken. When the Court ruled on defendants' motion to dismiss, it could not consider evidence, now properly before the Court, that plaintiff knew defendants' identities before he filed the Original Complaint. (See MTD Decision at 10 n.8). Accordingly, plaintiff's contention that the SAC's timeliness "has already been litigated and resolved" is without merit. (Pl. Opp. at 11).